IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAMSEY RANDALL, :
:
          Petitioner, : CIVIL ACTION NO. 18-961
:
v. :
:
SUPERINTENDENT DELBOSO, THE :
DISTRICT ATTORNEY OF THE :
COUNTY OF BERKS COUNTY, and THE :
ATTORNEY GENERAL OF THE STATE :
OF PENNSYLVANIA, :
:
          Respondents. :

## ORDER

**AND NOW**, this 22nd day of May, 2018, after considering the petition under 28 U.S.C. § 2254 for writ of habeas corpus (Doc. No. 1), the government's response in opposition to the petition (Doc. No. 11), the petitioner's numerous requests, memos, and other documents (Doc. Nos. 5, 6, 7, 8, 9, 13, 14, 15, 16, 17, and 19), United States Magistrate Judge Elizabeth T. Hey's report and recommendation (Doc. No. 12), the petitioner's objections to the report and recommendation (Doc. No. 20), the state-court record, and the government's status update indicating that the petitioner has filed a PCRA petition in state court (Doc. No. 23); accordingly, it is hereby ordered as follows:

1. The petitioner's objections to the report and recommendation are **OVERRULED**;[1]

---

[1] Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The petitioner objects to Judge Hey's recommendation that the court should stay this case pending exhaustion of the petitioner's state court remedies. *See* Obj. at ECF p. 4, Doc. No. 20. Specifically, he objects to Judge Hey's conclusion that there is "no need to address" his First Amendment retaliation claim at this time and requests to have this claim reviewed now. *See id.* at ECF pp. 1–2, 4. The petitioner's objection is unavailing. This objection is not only legally insufficient, but may actually be against the petitioner's interest in achieving a favorable resolution to his petition.

2. The Honorable Elizabeth Hey's report and recommendation is **APPROVED** and **ADOPTED**; and

3. This case is **STAYED** pending exhaustion of the petitioner's state court remedies. The parties shall notify the court within twenty-one days of the petitioner exhausting his state court remedies.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

As a foundational matter, the court agrees with Judge Hey's determination that the petitioner has failed to exhaust his state court remedies for any of the claims presented here—including his First Amendment retaliation claim. *See* R. & R. at 3 n. 5, 5–6, Doc. No. 12. Except in limited circumstances, a federal court cannot review an unexhausted petition for habeas corpus relief. Thus, if the court were to examine the petitioner's unexhausted First Amendment retaliation claim now, as he requests, the court would likely dismiss it. Judge Hey's report and recommendation, however, avoids this undesirable result.

In other words, because the petitioner's claims are unexhausted, the court is effectively confronted with two options: (1) stay and abey, or (2) dismiss. The first option is more favorable to the petitioner. It saves him the trouble of having to refile a new petition after the resolution of his state court remedies. And it also avoids the risk that he will fail to file a new petition before the statute of limitations expires since, as Judge Hey points out, he has a limited period of time to file a new petition because the majority of the time for him to file such a petition has passed. *See id.* at 7.

The court, believing that the petitioner does not fully realize the consequences of his objection and also agreeing with Judge Hey's analysis that the legally correct decision is to stay and abey, *see id.* at 6–8, will adopt Judge Hey's recommendation. Under Judge Hey's recommendation the court will stay the petitioner's present habeas petition while he exhausts his PCRA petition. After he has exhausted his PCRA petition, he may return to federal court. At that time the court will likely be able to address the petition on the merits.