IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMSEY RANDALL,<br>              Petitioner,<br><br>v.<br><br>MICHAEL ZAKAN, et al.,<br>              Respondents. | CIVIL ACTION<br><br><br><br>NO. 18-961 |

**O R D E R**

**AND NOW**, this 26th day of March, 2024, after considering the petition under 28 U.S.C. § 2254 for writ of habeas corpus (ECF No. 1), the government's response in opposition to the petition (ECF No. 11), the Petitioner's numerous requests, memos, and other documents (ECF Nos. 7, 8, 48, 50, and 51), United States Magistrate Judge Elizabeth T. Hey's Report and Recommendation (ECF No. 55), and the Petitioner's objections to the Report and Recommendation (ECF Nos. 56, 57, 58, and 59), **IT IS HEREBY ORDERED** as follows:

1. The Petitioner's objections to the Report and Recommendation (ECF Nos. 56, 57, 58, and 59) are **OVERRULED**;[1]

2. Judge Hey's Report and Recommendation (ECF No. 55) is **APPROVED** and **ADOPTED**;

3. The petition for a writ of habeas corpus (ECF No. 1) is **DENIED**;

4. Petitioner's motions/requests for counsel, bail, damages, and discovery (ECF Nos. 7, 8, 48, 50, and 51) are **DENIED**.

5. There is no plausible basis for the issuance of a certificate of appealability.[2]

6. The Clerk of Court is **DIRECTED** to remove this case from suspense and mark this case as **CLOSED**.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
HODGE, KELLEY B., J.

---

[1] Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Petitioner objects to Judge Hey's recommendation that the Court should deny his petition for writ of habeas corpus. (ECF No. 58.) Specifically, he avers that his defamation claim has been misconstrued. (ECF No. 58 at 1.) Petitioner's objection is unavailing. The Court agrees with Judge Hey's determination that a defamation claim is not a basis for habeas relief. (ECF No. 55 at 11 n.9 (citing *Randall v. Sup't Mahanoy SCI*, 835 F. App'x 675, 677 (3d Cir. 2020)).)

As a foundational matter, the Court agrees with Judge Hey's determination that Petitioner's claims are procedurally defaulted. (ECF No. 55 at 7.) While a petitioner must generally exhaust his state remedies before the federal court can consider the merits of a habeas claim, a petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *See Lambert v. Blackwell*, 134 F.3d 506, 518–19 (3d. Cir. 1997). Petitioner has never properly presented any claims to the Superior Court and is now out of time to do so. *See* 42 Pa. C.S.A. § 9545(b) (PCRA statute of limitations). Thus, for the reasons set forth in the Report and Recommendation, Petitioner's claims are procedurally defaulted.

Petitioner's objections to the Report and Recommendation include a section titled "NOTICE OF APPEAL." (ECF No. 58.) A Report and Recommendation is only a proposed finding, and it must be accepted, rejected, or modified by the district court. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the [district] court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge."). As a proposed finding, and not a final order, Judge Hey's Report and Recommendation is not appealable to the Court of Appeals. *See United States v. Polishan*, 336 F.3d 234, 240 n.3 (3d Cir. 2003) ("We note that an appellate court may lack jurisdiction to review dispositive decisions made by a magistrate judge under 28 U.S.C. § 636(b)(1)(B) because that order is not final. Rather, it is a proposed finding and recommendation that must be accepted, rejected, or modified by the district court."). In its consideration of ECF No. 58, the Court therefore interpreted the section titled "NOTICE OF APPEAL" to be a subpart of Petitioner's objection to the Report and Recommendation.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error. Fed. R. Civ. P. 72(b), advisory committee notes. The Court has reviewed the remainder of the Report and Recommendation as to Petitioner's motions/requests for counsel, bail, damages, and discovery (ECF Nos. 7, 8, 48, 50 and 51) to which Petitioner did not raise specific objections and finds it to be well reasoned and free of clear error. Therefore, the Court will overrule Petitioner's objection and adopt the Report and Recommendation.

[2] In determining whether a certificate of appealability (COA) should be issued, "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Warden*, 529 U.S. 473, 473 (2000). In adopting the Report and Recommendation, the Court concurs with Judge Hey's conclusion that "[t]here has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability." (ECF No. 55 at 16.)